## GULF OIL CORPORATION v. HORTON et ux.

### No. 5077.

Court of Civil Appeals of Texas. Amarillo.
Sept. 9, 1940.

Joseph H. Aynesworth, of Borger, and Wm. L. Wise and Oliver W. Fannin, both of Fort Worth, for appellant.

G. C. Harney, of Sherman, for appellees.

JACKSON, Chief Justice.

On March 27, 1930, C. C. Horton and wife, Wilma Horton, called lessors, leased to the Gulf Refining Company, designated lessee, part of Lots 15 and 16 in Block 45 of the town of Borger. The provisions of the contract which are material to a

disposition of this appeal are contained in the following sections:

"It is contemplated and agreed between the parties hereto that the property herein leased is to be used by the Gulf Refining Company for a filling station and for purposes connected therewith and that the term of this lease shall commence on the 1st day of May, 1930 and shall run for a period of Five (5) years.

"It is further agreed and understood that the Lessee shall have the privilege and right to sub-lease all or any part of the property hereby leased it with the expressed understanding that such sub-letting shall not have the effect of releasing Lessee from any of its obligations under this lease.

"Lessee shall have the right and privilege to place all necessary, usual and customary equipment on the leased premises for the purpose of carrying on the business of selling petroleum products and shall have the right to remove the same at the expiration of the lease, or within a reasonable time thereafter.

"Lessee covenants and binds itself to obey all sanitary rules and regulations now in force, or which may hereafter be adopted, in the use of such property and the occupancy thereof, and to commit no waste. Lessee further covenants that it will pay the rent from month to month as the same falls due, and if such rent is not paid when due and Lessee remains in default for as much as ten (10) days after written notice and demand on it to pay the rental, Lessors shall have the right to cancel this lease, re-enter and take possession of the property; but this shall not be the exclusive remedy; however, in such cases Lessee shall have the right to remove any property which it may have put upon the leased premises, within a reasonable time after such forfeiture is declared."

The lessors had prior to the execution of the lease occupied and operated a filling station on the premises selling and delivering oil, gas and greases. The four gasoline tanks used by the lessors were the property of the lessee and were buried just south of the leased premises. The lessee when it acquired the premises desired to remove the four tanks from their then location and place them underneath the driveway which was constructed of cement. In order to place the tanks where lessee desired, it was necessary to break and remove the cement which constituted the driveway, make an excavation for the tanks under the location of the old driveway and install the pipes required for use in serving air and gasoline to automobiles, after which the concrete driveway was reconstructed, which the lessee did at its own cost and expense with the permission of and in a manner satisfactory to the lessors.

The Gulf Oil Corporation acquired all the rights of the Gulf Refining Company in the lease and continued to operate a filling station on the lots until the lease terminated by its own provisions.

The appellees, C. C. Horton and wife, instituted this suit in the County Court of Hutchinson County against the appellant, the Gulf Oil Corporation, to recover $185.-66 predicated on the provision in the contract obligating lessee and its sub-lessees "to commit no waste" on the premises.

They alleged that the appellant in removing its tanks and equipment from the premises broke the concrete constituting the driveway, tore out the pipes used for air and gasoline, took away the dirt covering the tanks and removed them leaving holes or excavations in the earth and failed and refused to refill the holes or place the premises in the condition they were prior to the removal from the property of appellant's tanks and equipment; that appellant thereby violated its contract and committed waste which appellees were compelled to repair at the reasonable and necessary cost of $185.66. They also pleaded that they proposed to buy from appellant the tanks which it had placed under the driveway if it would leave them in that position or that they would give appellant other tanks therefor, but neither of these propositions was accepted; that they also requested appellant after it had removed its tanks to allow them to place tanks which the appellees owned in the excavations left by appellant but this was refused and appellees, without the permission of appellant, proceeded to place their four tanks in such excavations and appellant failed to restore the premises to the condition it was before the removal of its tanks and equipment.

The appellant answered by general demurrer, special exceptions, pleaded the two-year statute of limitation, Vernon's Ann.Civ.St. art. 5526, and alleged specially that if any obligation existed upon it to restore the premises the appellees released it therefrom by taking physical possession

134

of the property as they allege and placing their tanks in the holes which had been excavated at the cost and expense of appellant and its predecessors in the lease.

The case was submitted to the jury on special issues, and upon their answers thereto the items of which aggregated $201.50, $46 of which was remitted by appellees, the court rendered judgment against appellant for the sum of $185.66 with interest thereon at the rate of 6% per annum.

The appellant challenges as error the action of the court in refusing to give its requested peremptory instruction since the appellees as a matter of law were not entitled to recover under the pleadings and the testimony.

The appellees charged the appellant and its successors with no fraud, accident or mistake in the execution or performance of the contract. Neither did they allege that appellant was guilty of any negligence or want of care in the removal of its property from the premises.

The word "waste" used in connection with real estate means generally the destruction of houses, trees or other corporeal hereditaments on the premises by a tenant who is rightfully in possession but has no absolute or unqualified title to the property.

The law imposes upon a tenant or lessee the duty to take good care of the premises, wear and tear excepted, and this obligation is implied where not expressly waived whether written into the lease contract or not. Norman v. Stark Grain & Elevator Co., Tex.Civ.App., 237 S.W. 963. However, in this rental contract the lessee was obligated to commit no waste. It will be noted, however, from the contract that the premises were let to be used for a filling station and for purposes connected therewith and the lessee was authorized to place all necessary, usual and customary equipment on the premises for the purpose of carrying on the business of selling petroleum products with the right at the expiration of the lease to remove all property and equipment placed thereon by it. The contract also stipulates that the lessee shall pay the rent by the month and should it default for ten days after written notice the appellees are authorized to re-enter and take possession of the premises; however, the lessee is given the right under such circumstances to remove any property which it may have put upon the premises.

The lessee is also authorized to sublet the property. It is the universal rule that all the provisions of a contract should be construed together and each given the meaning intended by the parties where practicable.

In 26 C.J. 711, para. 103, the law is stated to be: "If there is a stipulation clearly giving to the tenant the right to remove annexations of a named character, the fact that the removal will result in injury to the leased premises, is immaterial. The language of the stipulation may, however, call for a different construction."

In 36 C.J. 177, para. 828, the law is announced as follows: "Where the tenant is given the right to make improvements and remove them during the term, the right to remove includes the right to do such damage to the freehold as such removal will naturally cause, and the tenant is liable only for such damages as are unnecessarily or wantonly caused by him."

In Sutherland on Damages, Vol. 3, section 875, page 3255, it is said: "Where authority is given a tenant to remove machinery he has put in it it is implied that he may do such damage to the freehold in making the removal as in the exercise of ordinary care was necessary."

The law so announced is approved in *Arkansas Fuel Oil Company v. Connellee*, 39 S.W.2d 99, by the Eastland Court of Civil Appeals, which we think is conclusive against appellees' right to recover under their allegations, since there is no contention either in the pleadings or proof that appellant failed to use ordinary care in removing its property from the premises. This it was authorized to do under the contract and there is no language in the agreement requiring a different construction.

In our opinion the court erred under the record in refusing to direct a verdict in behalf of appellant for which reason it is unnecessary to discuss the other assignments of error urged and the judgment is reversed and here rendered that appellees take nothing.