**PHILLIPS PETROLEUM COMPANY,**
**Appellant,**

v.

**John W. MECOM, Appellee.**

**No. 11141.**

Court of Civil Appeals of Texas.

Austin.

Jan. 29, 1964.

Wm. J. Zeman, Lloyd G. Minter, Bartlesville, Okl., E. H. Brown, Marion R. Froehlich, Houston, for appellant.

Butler, Binion, Rice & Cook, Cecil N. Cook, W. C. Perry, Louis Paine, Jr., Houston, for appellee.

PHILLIPS, Justice.

This case involves a plea of privilege.

Suit was brought by Phillips Petroleum Company against John W. Mecom, a resident of Harris County, Texas, in the District Court of Galveston County, Texas, to enforce certain rights which Phillips claims to have acquired by virtue of several ordinances passed by the City of Hitchcock, Texas. Mecom filed his plea of privilege to be sued in Harris County, Texas, and, both parties having waived a jury, trial of the plea of privilege was by the Court. After a full hearing, the trial court sustained Mecom's plea of privilege and ordered the suit transferred to Harris County, Texas. No findings of fact and conclusions of law were requested by either party, and none was made or filed. There is no question but that the land involved is situated in Galveston County.

We affirm the judgment of the trial court.

Phillips is before this Court on two points of error to the effect (1) that the trial court erred in sustaining Mecom's plea of privilege because this is a suit for land in Galveston County within Subdivision 14 of Article 1995 Vernon's Ann.Civ.St.; (2) that this is a suit to stay waste on lands in Galveston County, within Subdivision 14 of Article 1995 V.C.S.

Article 1995 V.C.S. states that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: Exception 14 states that suits for the recovery of land or damages thereto or to remove encumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.

Phillips contends that the City of Hitchcock passed ordinances 4 and 11 which governed the drilling for oil and gas within the City by creating drilling blocks providing that only one well could be drilled on any one block; that Phillips obtained a permit under these ordinances to drill Block 5 and did drill a producing gas well on Block 5; that under said ordinances, Mecom, who was a lessee under adjoining acreage, elected not to participate as a working interest owner in said well, but to receive the royalty and bonus money, as provided in said ordinances, in lieu of his working interest in the oil and gas; and by reason of these facts Phillips, as permittee, became vested with the title to the oil and gas attributable to the working interest in the lands described in Phillips' petition and prays for recovery of title to the oil and gas in and under said land.

Ordinance No. 4 is a comprehensive ordinance designed to control the drilling of oil and gas wells within the City of Hitchcock. Ordinance No. 11 amends Sections 6 and 9 or Ordinance No. 4.

Section 6 of Ordinance No. 4, for the purposes of this lawsuit, provides the conditions upon which any permit to drill a well within the city will be issued. It provides that the owner of any lots with whom the owner of a permit to drill has failed to reach agreement shall have the option to either (1) treat his interest as a working interest and contribute to the well cost, as provided, and share in the production as provided, or (2) to treat his interest as being leased to permittee, and receive a sum in cash equal, on a acreage basis, to the highest cash bonus per acre paid by the permittee for any lease covering lands within said drilling block; and to receive as a royalty a share of all oil and gas produced and saved from such well equal to one-sixth (1/6th) of the proportion of the whole quantity of oil so produced and saved that the number of square feet in the

area owned by him bears to the number of square feet in such drilling block.

Section 1 or Ordinance No. 4 recites the risks inherent in oil and gas development, and generally states the purpose of the ordinance. The ordinance, if valid, and this Court is not here called upon to pass upon this question, was passed under the police power of the city to promote the health, safety and welfare of its citizens.

Phillips relied on its pleadings to show the nature of its suit and it introduced in evidence its original petition which set out the ordinances outlined above; that on April 5, 1961, Phillips, pursuant to said ordinances, was granted a permit to drill a gas well on the abovementioned Block 5, that Phillips drilled the well and completed it in August of 1961. That Mecom had three oil, gas and mineral leases each dated prior to April 6, 1960, covering land included within Block 5. That every notice provided by Ordinance No. 4, as amended, pertaining to the drilling of the well by Phillips in Block 5 was given and that Mecom failed and refused to make an election to participate as to working interest owners as provided in Section 6 of said ordinance, as amended, as to any interest in Block 5, and particularly with regard to the interest covered by the leases described. That Phillips is ready, willing and able to pay Mecom the sum per acre that he is entitled to by reason of the foregoing facts. That Phillips' well drilled on Block No. 5, under the terms and provisions of Ordinance No. 4, as amended, fixed the rights of the parties in said Block No. 5 as to the minerals produced from the Hitchcock Northeast 9100-foot Frio Field. That at the time Phillips drilled its well, the ordinances of the City of Hitchcock provided that no more than one well could be drilled to any producing formation, and that any permittee drilling any such well must agree to share production therefrom as set forth in said Ordinance No. 4. That any attempt to alter said ordinance to allow Mecom to drill a well on a tract of land within said Block 5 in the same field that Phillips' well is producing from and without requiring him to share such production with all the other owners within said Block 5, is arbitrary and capricious and deprives Phillips and every owner of working interest or royalty interest in Block 5 of their rights without due process of law. That Mecom has taken pretended oil and gas leases that purport to cover the same lands as covered by the leases described therein; that said leases were taken in disregard of the rights of Phillips; that Mecom threatens to drill a well on said leases in the Hitchcock Northeast 9100-foot Frio Field; and that such well would be wasteful and would not aid in any way in the development of this land and that any such well would not recover any oil or gas that would not be produced through the present wells.

After Mecom had filed his plea of privilege and Phillips had filed a controverting plea and Mecom had filed a sworn reply to Phillips' controverting plea to Mecom's plea of privilege, Phillips filed its first amended original petition containing substantially the same allegations as theretofore contained in the original petition and formal allegations in trespass to try title were added. In such formal allegations Phillips alleged that on December 1, 1962, it was the owner in fee simple of the oil, gas and other minerals in and under and that may be produced from the land covered by Mecom's leases in Galveston County, Texas, and that Mecom has wrongfully taken therefrom oil and gas of a value of one million dollars.

Concurrently with the filing of its first amended original petition Phillips also filed its sworn first amended controverting plea to the plea of privilege, which adopted by reference both Phillips' original petition and first amended original petition.

There is no showing of any record title of any kind into Phillips with respect to Mecom's leases or any of the land covered thereby or any interest in oil, gas or other minerals in or under such land.

Mecom contends that since the only source of title plead by Phillips are the abovementioned ordinances, such ordinances do not purport to effect any transfer of title or any pooling of rights or interests in lands, minerals, or mineral leases and that any allegations of waste contained in pleadings is not waste of such a nature as to bring the suit under the exception to the venue statute relied upon. Mecom has interposed other defenses to the judgment of the trial court such as the contention that Ordinance No. 66 has repealed Ordinances Nos. 4 and 11, and that Mecom presently holds a permit issued by the City of Hitchcock to drill on his leases in addition to other defenses, however, we do not deem it necessary for the purposes of this opinion to go into any questions other than those of whether or not the abovementioned ordinances Nos. 4 and 11 vested any title in land to Phillips and the question of waste as alleged.

■ As we read Phillips' pleadings construed as a whole, Ordinances 4 and 11 have been specially plead as its source of title, consequently we must rely on these special pleadings in exclusion to any formal generalities that have also been plead. Gann v. Putman, Tex.Civ.App., 141 S.W.2d 758, writ dism.

■ The character of a lawsuit as a whole governs the matter of venue and the inclusion of a plea in trespass to try title cannot by itself change the character of the lawsuit. Ulmer v. Ulmer, 139 Tex. 326, 162 S.W.2d 944, Milburn v. Minette, Tex.Civ.App., 278 S.W.2d 269, no writ history.

This case is controlled by the holding of the Texas Supreme Court in Mills et vir v. Brown et al. 159 Tex. 110, 316 S.W.2d 720. Here the City of Post had ordinances regulating the drilling of oil and gas wells within the city limits similar to those of the case at bar. Appellees due to a series of facts not pertinent here contended that by virtue of compliance with these city ordinances they had gained title to a portion of the working interest in the oil and gas produced from appellant's lease. The trial court and Court of Civil Appeals upheld appellees' contention. In reversing and remanding the case, the Supreme Court held that it knew of no legal means of so transferring title to real estate from one owner to another by any such method as appellees claimed. The Court held that appellant was still the owner of her property and entitled to receive from appellees her proportionate share of the proceeds from the sale of her property.

■ It is not the purpose of ordinances such as those passed by the Cities of Hitchcock and Post to vest or divest title in and among the various interests to oil and gas in place within their limits. As stated in the Mills case, supra, an oil and gas lease is an interest in land. The purpose of these ordinances is to limit the number of wells to be drilled in populated areas for reasons of health and safety and to allocate either the products or proceeds from the sale of the products from these wells. By its pleadings, Phillips is seeking a determination of certain alleged interests either in oil and gas that has been severed from the earth or interests in the proceeds from the sale of such oil and gas so severed. The law is well settled in Texas that oil and gas when produced and severed becomes personal property. Cates v. Greene, Tex. Civ.App., 114 S.W.2d 592, Chaffin v. Hall, Tex.Civ.App., 210 S.W.2d 191, writ ref. N.R.E.; Chapman v. Parks, Tex.Civ.App., 347 S.W.2d 805, writ ref. N.R.E.

Phillips has cited Amis v. Bryan Petroleum Corporation by the Oklahoma Supreme Court, 185 Okl. 206, 90 P.2d 936, which had under consideration an ordinance of Oklahoma City that forced the parties holding certain mineral interests within the city to an election of interests under an ordinance similar to those at bar. Here the Court held that the city created a relationship in the nature of a tenancy in common resulting as an incident to the application of the city's policy powers. While the court ad-

mitted that such a tenancy does not exist at common law, such tenancy owes its existence to the city's powers and is subject thereto.

■ As shown in the Mills case above our Courts do not recognize any such fiction indulged by the Oklahoma Court to transfer title to an interest in land. Any change in the position of the parties due to ordinances such as those before us would not affect the title to oil and gas in place but possibly a right to share in the rights to minerals already produced or the proceeds from the sale therefrom. Thus they would be sharing in personalty and not realty. Also, there is no compulsory unitization in this State. Ryan Consol. Petroleum Corp. v. Pickens, Tex.Civ.App., 266 S.W.2d 526, affirmed 155 Tex. 221, 285 S.W.2d 201, certiorari denied, 351 U.S. 933, 76 S.Ct. 790, 100 L.Ed. 1462; Nale v. Carroll, Tex.Civ.App., 266 S.W.2d 519, affirmed 155 Tex. 555, 289 S.W.2d 743. Furthermore, ordinances 4 and 11 did not contain provisions for pooling leases.

■ It is apparent that Phillips' pleadings when taken as a whole do not allege a present title or present right to the legal title to any land located in Galveston County or elsewhere; nor does it allege that Phillips is the owner of any fractional interest in Mecom's leasehold estate; and furthermore, it does not allege any facts which would require the court to determine such ownership. Phillips is merely attempting to assert some purported right as distinguished from title, alleged to have been acquired by virtue of the abovementioned ordinances of the City of Hitchcock, Texas. Such claim does not come within Subdivision 14 of Article 1995 V.C.S.

■ With respect the Phillips' allegation in its first amended petition that Mecom had taken oil and gas in the value of One Million Dollars from leases belonging to Phillips, the uncontroverted testimony at the hearing on the plea shows that no oil or gas has been produced by Mecom. Here an issue was raised at the venue hearing that the court had a right to determine. Batex Oil Company v. La Brisa Land and Cattle Company, Tex.Civ.App., 352 S.W.2d 769, writ dism. We presume due to the judgment that the court found in Mecom's favor on this point.

■ Phillips' contention that any production by Mecom of oil and gas from leases owned by Mecom is waste does not bring the case within the exception to the venue statute inasmuch as the alleged right on the part of Phillips to be the only lessee entitled to produce within the confines of the drilling block in question disregards the meaning of waste as used in Subdivision 14 of Article 1995. Waste as used at common law and as used in Subdivision 14 of Article 1995 refers to an unauthorized destruction or severance of improvements, trees, minerals or other corporeal hereditaments on land belonging to the person with respect to whom such waste is committed by some other person who did not have title but may be rightfully in possession. Gulf Oil Corporation v. Horton, Tex.Civ.App., 143 S.W.2d 132. The rule in this regard is well settled that only persons having a present vested estate in land are entitled to recover for waste committed on the land, or to restrain those in possession from committing acts of waste. 43B Tex.Jur., Waste, Sec. 9, pp. 590, 591. Thus an essential element to be alleged in a cause of action for waste is to show that the person complaining has title to the land or interest in the land with respect to which such waste is alleged to have been committed. As shown above, Phillips does not show the necessary title or interest in Mecom's leases to bring itself under this exception.

The judgment of the trial court is affirmed.

Affirmed.