Jeanne **TRIPLETT**, Appellant,

v.

Flora J. **SHIELD** et al., Appellees.

No. 4057.

Court of Civil Appeals of Texas.

Eastland.

Sept. 9, 1966.

Rehearing Denied Oct. 7, 1966.

Hardeman, Smith & Kever, San Angelo, J. M. Donald, Jacksboro and Justin A. Kever, San Angelo, for appellant.

Franklin & White, Leonard L. Franklin, Austin, Woodward & Johnson, Halbert Woodward, Rob O'Hair, Coleman, for appellees.

COLLINGS, Justice.

This suit was brought in 1939 by Hubert I. O. Shield, referred to as I. O. Shield, for the unpaid balance on five promissory notes executed by Elgean Shield and Flora Shield and for foreclosure of a lien on the land described in a deed of trust executed by the defendants on December 19, 1936. I. O. Shield died and by will his estate passed to his wife Hopilee Shield. Hopilee Shield died on July 25, 1949, leaving a will which was admitted to probate in California and a will which was probated in Montague County, Texas which, if valid, gave her property to her brother, Frank Triplett. Jeanne Triplett is the surviving wife of and claims as the sole beneficiary under the will of her deceased husband, Frank Triplett. The case was brought to trial in 1965. Plaintiff and defendants, Elgean Shield and wife, filed motions for summary judgment which were overruled. A jury was empaneled but after evidence had been introduced the parties agreed for the jury to be dismissed and the cause was submitted to the court for determination. The court entered judgment for the defendants and Mrs. Triplett has appealed.

In appellant's first point it is contended that the court erred in overruling plaintiff's motion for summary judgment asserting that the exhibits in evidence and admissions by defendants established plaintiff's right to recovery and that defendants presented no evidentiary data raising an issue as to any material fact. The point is overruled. A denial of a motion for summary judgment is interlocutory and not appealable. This is not a case in which the court granted a motion by one of the parties for summary judgment and refused the motion of the opposing party. The court here overruled the motions of both parties. There was then a trial on the merits before the court where there were genuine fact issues and judgment was rendered

against appellant and for appellees. Under such circumstances it would not be proper to review the action of the trial court in overruling a motion for summary judgment. Tobin v. Garcia, (1958), 159 Tex. 58, 316 S.W.2d 396; Ackermann v Vordenbaum, Tex., 403 S.W.2d 362.

After a judgment had been rendered at the trial upon the merits the court, in response to appellant's request, made findings of fact and conclusions of law. For a better understanding of the material and controlling issues involved we set out in full the findings of fact and conclusions of law made and filed by the trial court:

"1. On November 22, 1929, Leon Shield and wife, Emma Shield, I. O. Shield (same person as Hubert I. O. Shield) and wife, Vera Shield, Karl E. Wallace and wife, Camille Shield Wallace, Shield Brown and wife, Mary Brown, and Elgean Shield, a single man, executed and delivered their deed of trust upon 2571 acres of land in Coleman County, Texas, to F. O. Ketcham, trustee, to secure payment of six notes made by them to F. O. Ketcham Mortgage Company, the first five for $3200.00 each and the sixth for $16,000.00, payable—from January 1, 1931, to January 1, 1940.

2. Thereafter (January 8, 1930) the same grantors executed and delivered a correction deed of trust bearing the same date to the same trustee to secure payment of the same notes and covering the same land better described.

3. F. O. Ketcham Mortgage Company assigned said notes and lien to Kansas City Life Insurance Company on February 21, 1930.

4. On December 19, 1936, I. O. Shield conveyed to Flora Shield, wife of Elgean Shield, as her separate property, an undivided ⁹⁄₂₅ths interest in 2031 acres of said land. This was a general warranty deed reciting a consideration of $6,000.00 paid and to be paid out of grantee's separate property, $1,000.00 thereof in cash and the remaining part to be evidenced by five notes executed by grantee, joined by her husband, Elgean Shield. Other than the vendor's lien securing payment of said five notes there were no exceptions or qualifications to the general warranty contained in said deed. No mention whatsoever was made of the liens and notes referred to in Findings Nos. 1 and 2 above. The conveyance of said ⁹⁄₂₅ths interest was the only consideration for the $1,000.00 so paid and the five notes so given. The following payments and none other have been made on said five notes, towit: $100.00 on June 21, 1937; $200.00 on June 23, 1937; $51.00 on August 28, 1937; $40.00 on September 15, 1937; $75.00 on September 20, 1937; $100.00 on December 1, 1937; $50.00 on January 18, 1938. All such payments were credited on the first of said notes.

5. On the same day, December 19, 1936, Flora Shield and Elgean Shield executed and delivered to the said I. O. Shield the five promissory notes mentioned in Finding No. 4 above, the notes bearing six percent interest, with past due principal and interest bearing interest at the rate of ten percent per annum, and containing provisions for ten percent attorney's fees and accelerated maturity in case of default. At the same time also the said Flora and Elgean Shield made and delivered their deed of trust upon said 2031 acres of land to E. P. Woodruff, trustee, to secure payment of said five notes, the deed of trust containing a general warranty clause and purporting to cover the whole interest in said land.

6. Kansas City Life Insurance Company assigned to First Coleman National Bank of Coleman, Texas, the last three of the notes referred to in Finding No. 1 above by instrument dated February 24, 1938, reciting that the first three of said notes had been paid.

7. First Coleman National Bank appointed S. H. Gray substitute trustee in place of F. O. Ketcham on March 8, 1938.

8. On April 8, 1938, the said S. H. Gray, substitute trustee, sold an undivided 19⁄25ths interest in the land covered by the November 22, 1929, deeds of trust, to First Coleman National Bank for $10,000.00. This was done regularly in accordance with the power of sale contained in the correction deed of trust dated November 22, 1929, sale being at public auction, following proper notice. Unpaid on said 1929 notes and deed of trust at the time of foreclosure was the sum of $26,411.62, principal, interest and taxes. The 19⁄25ths interest in the land foreclosed upon included the 9⁄25ths interest so conveyed by I. O. Shield and wife to Flora Shield.

9. On October 13, 1938, First Coleman National Bank conveyed said 2571 acres to Elgean Shield for a consideration of $32,000.00 represented by 20 notes payable to Mrs. Lillian Winterbotham aggregating $30,000.00, and four notes of $500.00 each payable to Brown Bros., said notes being executed by Elgean Shield, Flora Shield, Karl Wallace and Camille S. Wallace, the vendor's lien being retained to secure payment of such notes.

10. On October 13, 1938, Elgean and Flora Shield conveyed to Camille S. Wallace as her separate property an undivided 19⁄50ths interest in said 2571 acres and Mrs. Wallace assumed as her primary obligation 19⁄50ths of the indebtedness mentioned in Finding No. 9 above.

11. On December 7, 1950, Camille S. Wallace and Karl B. Wallace conveyed to Elgean Shield all their right, title and interest in 2031 acres of said 2571 acres of land, being the same 2031 acres as that mentioned in Finding No. 4 above and that which is concerned in this Cause. In this deed the Wallaces retained 15⁄50ths of the royalties (non-participating) on oil, gas and other minerals.

12. I. O. Shield died testate and on July 12, 1947, his will was admitted to probate in Cause No. 3830, Montague County, Texas. His widow, Hopilee T. Shield, was made independent executrix and succeeded to the ownership of the December 19, 1936, notes, subject to the contract of Donald & Donald, attorneys, for one-half thereof.

13. Hopilee T. Shield died on July 25, 1949, leaving a will made on July 20, 1949, which was admitted to probate in Cause No. 297,419, Superior Court, Los Angeles County, California, on August 22, 1949, and in which will she gave fifty percent of her residuary estate to Louis A. Eshman, trustee, the principal or income of such trust estate to be paid to the Cedars of Lebanon, Los Angeles, California, for cancer research and hospitalization of indigent cancer patients. The remainder of her residuary estate she gave to her doctor, the said Louis A. Eshman, whom she appointed executor. The December 19, 1936, notes were a part of such residuary estate.

14. On October 24, 1949, in Cause No. 4006, the County Court of Montague County, Texas, entered an order admitting to probate a purported will of Hopilee T. Shield, dated June 8, 1948, which, if valid as her last will and testament, gave her property to her brother, Frank Triplett, and made him executor.

15. Following the death of the said Hopilee T. Shield the first pleading filed in this suit indicating such death and making any sort of substitution of parties on account of such death was in intervention filed by Frank Triplett individually on May 20, 1954.

16. Said Frank Triplett died on January 19, 1961, and his will was admitted to probate in McLennan County, Texas, in Cause No. 19,534, on September 7,

1961. His widow, Jeanne Triplett, was the sole beneficiary and independent executrix of his estate.

17. On November 5, 1963, Louis A. Eshman, individually, made an assignment purporting to assign any and all rights which he had in the five December 19, 1936, notes to 'Frank Triplett, his heirs and assigns, forever.'

18. Said five notes were delivered by I. O. Shield to the Clerk of this Court and filed in the papers of this Cause along with the original petition herein on April 7, 1939.

19. In connection with the conveyance from I. O. Shield to Flora Shield on December 19, 1936, there was no agreement or understanding that the said Flora Shield should assume any part of the obligations mentioned in Finding No. 1 hereof or that she should take the property subject to any part of same.

20. Although the makers of the notes mentioned in Finding No. 1 above were jointly and severally liable to the holder thereof, as between and among such makers it was I. O. Shield's obligation to pay %₂₅ths thereof. In connection with the conveyance from I. O. Shield to Flora Shield there was no agreement or understanding that Elgean Shield should pay I. O. Shield's %₂₅ths part of said 1929 obligations or that he should pay any more than his original share thereof.

## CONCLUSIONS OF LAW

1. The foreclosure of the deed of trust and the trustee's sale mentioned in Finding No. 8 above obliterated the deed dated December 19, 1936, and the interest in land which had been conveyed to Flora Shield by that deed was entirely lost to her. The holder (payee) of the five notes given therefor was obligated thereupon to return them to the makers and was not entitled to enforce the same. Such payee having owned said notes until his death, long after all of them had fallen due, no subsequent owner has been or is entitled to enforce them.

2. By reason of Finding No. 15 above plaintiff's action is barred by the four year statute of limitation and laches.

3. The ownership of the five notes dated December 19, 1936, (if they were still surviving obligations) became the property of Louis A. Eshman, trustee, and Louis A. Eshman, individually, by reason of Finding No. 13 above, subject only to administration.

4. The subsequent order probating the previous instrument as Hopilee T. Shield's will did not divest such rights of the said Louis A. Eshman in his capacities aforesaid.

5. The assignment from Louis A. Eshman to Frank Triplett, made over two years after the latter's death, was void.

6. In light of Finding No. 18 there is no presumption of ownership in plaintiff from the mere fact that her attorneys offered the five notes in evidence. If said notes still survive as valid obligations plaintiff does not own them.

7. Even if the obligations of the notes have survived and plaintiff is entitled to all the relief it seeks, there is no liability on the part of the Bank to Elgean Shield, because the Bank conveyed good title by its deed of October 13, 1938. The fact that Mr. Shield might, by taking title, activate the warranty made by him in the deed of trust made on December 19, 1936, would not be a breach of warranty on the part of the Bank.

8. Plaintiff is not entitled to recover against any defendant; Elgean Shield is not entitled to recover against the Bank; the Bank has no recovery against the Wallaces.

Made and signed this the 21st day of January, 1966."

The evidence shows that in 1936, I. O. Shield conveyed a 9/25ths interest in 2,031 acres of land to Flora Shield as her separate property and received the notes sued upon as a part of the consideration therefor. The notes in question were executed by Flora Shield and her husband Elgean Shield. At the time of the execution of said notes and deed there was a prior lien on the land. Such prior lien was evidenced by a deed of trust dated November 22, 1929, securing the payment of six notes of the same date in the original total amount of $32,000.00. The First Coleman National Bank on February 24, 1938, by assignment, became the owner of the balance due on the 1929 indebtedness and deed of trust lien securing same. On April 8, 1938 the substitute trustee under such deed of trust sold an undivided 19/25ths interest in the land covered by the 1929 deed of trust to the First Coleman National Bank. The interest in the land foreclosed upon included the 9/25ths interest conveyed by I. O. Shield to Flora Shield.

We overrule points by appellant contending, in effect, that the court erred in finding the conveyance by I. O. Shield to Flora Shield on December 19, 1936, was not taken by the grantee subject to the prior 1929 lien on the land. The deed by I. O. Shield recited that in consideration of $1,000.00 cash and the notes here sued upon that he "granted, sold and conveyed" his entire undivided 9/25ths interest in the land described. The deed also contained the following provisions:

"TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Flora Shield, as her separate property and estate, her heirs and assigns forever and I do hereby bind myself, my heirs, executors and administrators, to Warrant and Forever Defend, all and singular the said premises unto the said Flora Shield, as her separate property and estate, her heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof. * * *"

The deed to Flora Shield was not a quitclaim. Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62. The deed was a conveyance of fee simple title with a covenant of general warranty. Vernon's Ann.Tex. Civ.St. Article 1292. A covenant of general warranty means that the real property conveyed is free from incumbrances. V.A. T.S., Article 1297. Contrary to appellant's contention it is not material that Flora and Elgean Shield had knowledge of the prior lien. City of Beaumont v. Moore, 146 Tex. p. 46, 202 S.W.2d 448, (1947); Chapman v. Parks, 347 S.W.2d 805, (Ct.Civ.App.1961, n. r. e.); Compton v. Trico Oil Co., 120 S.W.2d 534, (Ct.Civ.App.1938, error ref.); Rives v. James, 3 S.W.2d 932, (Ct.Civ.App. 1928, error dis.). The finding is not against the great weight and preponderance of the evidence. We overrule appellant's points urging, in effect, that the court erred in finding that I. O. Shield was obligated to pay 9/25ths of the notes dated November 22, 1929, and that there was no agreement that Elgean Shield would pay that portion of said notes. I. O. Shield was one of the makers of the 1929 Deed of Trust creating the prior lien on the land involved. The 1936 deed by I. O. Shield to Flora Shield was a warranty deed and there was no provision in the deed that the conveyance was subject to the prior lien. There was no evidence that Elgean Shield agreed to pay that portion of the 1929 notes which I. O. Shield was liable for and which were secured by the prior lien. A general warranty clause includes a covenant against incumbrances. A prior lien is an incumbrance. V.A.T.S., Article 1298. It is held that a grantor in a general warranty deed must discharge all liens and incumbrances incurred prior to a conveyance which are not assumed by the grantee. Wolff v. Commercial Standard Insurance Company, 345 S.W.2d 565, (Ct.Civ.App., 1961, n. r. e.), and cases cited therein. Such findings are not against the great weight and preponderance of the evidence.

We also overrule appellant's points contending, in effect, that the court erred in finding that the sale by the substitute trustee to the Coleman bank on April 5, 1938, was done regularly; in finding that the conveyance by the substitute trustee to the bank obliterated the deed dated December 19, 1936, and that the payee or holder of the promissory notes of that date was obligated to return them to the makers. Such findings are not against the great weight and preponderance of the evidence. Appellee offered in evidence the deed of trust purporting to have been executed by Leon L. Shield, I. O. Shield, Elgean Shield and others on November 22, 1929, covering 2571 acres of land and reciting that such deed of trust secured six promissory notes executed by the makers in the total principal sum of $32,000.00. It was shown that the First Coleman National Bank became the owner of the balance of such indebtedness and the lien securing same. There was also introduced in evidence a substitute trustee's deed conveying 19/25ths of said 2571 acres to the First Coleman National Bank on April 5, 1938, a deed from Elgean Shield, Flora Shield, Karl E. Wallace, Camille Wallace and Shield Brown to the bank, dated April 6, 1938, and a deed from the bank to Elgean Shield on October 13, 1938. These instruments speak for themselves concerning the regularity of the sale by the substitute trustee to the bank. The court found that the sale by the substitute trustee to the bank was made regularly in accordance with the power of sale contained in the correction deed of trust and that the sale was made at public auction following proper notice; that there was unpaid on said 1929 notes and deed of trust at the time of the foreclosure sale the sum of $26,411.62 principal, interest and taxes, and that the 19/25ths interest in the land foreclosed upon included the 9/25ths interest conveyed by I. O. Shield to Flora Shield. Appellant's covenant against incumbrances was broken upon execution of the deed by I. O. Shield to Flora Shield on December 19, 1936. This is true because an incumbrance existed at the time of the execution of the deed. The foreclosure of the prior lien wiped out the 1936 deed from I. O. Shield to Flora Shield resulting in loss of the property there conveyed. This constituted a failure of consideration for the notes given for the property and the deed of trust securing same.

We also overrule appellant's contention that the doctrine of after acquired title is applicable and that all title owned by Elgean Shield and Flora Shield in the 2,031 acres of land on the date of the execution of the deed of trust by them in 1936, or which they or either of them subsequently acquired passed under the warranty contained in said deed of trust, is covered by the deed of trust lien and is subject to foreclosure in satisfaction of said notes. In our opinion the doctrine of after acquired title has no application to the facts in this case. That doctrine rests on the covenant of warranty contained in a deed or deed of trust. In the instant case I. O. Shield executed a warranty deed in consideration of $1,000.00 cash and the notes sued upon. There was a breach of warranty because of the existence of a prior lien, and the property for which the notes were given was lost because of the grantor's breach of warranty. The fact that Elgean Shield thereafter purchased the property from the bank thereby acquiring title to the land which I. O. Shield conveyed to Flora Shield, but was lost by foreclosure of a prior lien does not make applicable the doctrine of after acquired title.

The disposition made of the points discussed requires that the judgment be affirmed. We have examined other points urged by appellant and find no reversible error.

The judgment is affirmed.