**CITY OF SHAMROCK, Appellant,**

v.

**Johnny HRNCIAR, Jr., Appellee.**

No. 4373.

Court of Civil Appeals of Texas, Eastland.

March 27, 1970.

Rehearing Denied April 24, 1970.

Hrnciar pleaded payment and estoppel. He alleged that he paid his taxes by constructing a sewer line for the City; that in 1960, he erected a new home in Vaughn's Hilltop Addition in Shamrock; that he visited with the city council and talked to them about a sewer line to serve him and others in his neighborhood; that the City did not have enough money in the till to construct the line; that the City orally agreed with him that if he would advance the cost of construction, the City would refund the advancement if the City had the money when the construction was completed; that if no money was available, then said amount would be applied, from year to year, upon city taxes assessed by the City against his property not to exceed $2,000.00; that he constructed the line at a cost of $1,895.93; that the City refused to reimburse him for this amount or to credit his tax account; that the city accepted the benefits from this construction; that the city is estopped from not applying the funds he expended to the payment of his taxes; and that by this method of payment, he paid his taxes before delinquency.

He further pleaded in the alternative that if no formal legal agreement was made with the City for the construction of the sewer line, the City by the acts and conduct of the members of the council led him to believe that he would be reimbursed or given credit on his taxes; that he acted in good faith and the City is estopped to deny liability for a refund or credit on his taxes.

McCreary & Huey, Robert M. Huey, Austin, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Clayton Heare, Amarillo, for appellee.

WALTER, Justice.

In the City of Shamrock's suit against Johnny Hrnciar, Jr., for delinquent ad valorem taxes, a judgment was rendered against the City and it has appealed.

The jury found in favor of Hrnciar on all issues and judgment was rendered that the City take nothing.

By its first point the City says:

"The Court erred in granting Judgment for the Defendant because affirmative answers to any or all of the Special Issues in favor of the Defendant will not support judgment for the defendant."

The point does not inform the court to what assignments of error it is germane in

its motion for new trial or elsewhere in the record. In its supplemental brief it says:

"In response to the inquiry from the Bench during oral argument, Appellant's First Point of Error is addressed specifically to the Errors of the Trial Court in overruling Plaintiff's Special Exception Number I, VII, VIII, XI, XII; Plaintiff's Motion for Judgment Non Obstante Veredicto and Motion for New Trial—"

■ A motion for a new trial in a jury case shall be filed as a prerequisite to appeal. Rule 324 Texas Rules of Civil Procedure. One of the exceptions to this requirement is in cases where the court renders or refuses to render a judgment Non Obstante Veredicto. The court's order overruling the City's special exception to the pleadings will not form the basis for points of error on appeal, unless such ruling is brought forward in the manner set forth in said Rule 324. We do not find them in the City's motion for new trial or in their motion for judgment Non Obstante Veredicto.

In the City's motion for a new trial, we find five assignments; namely, (1) the court erred in overruling its first motion for summary judgment, (2) its second motion for summary judgment, (3) its motion in limine, (4) in granting appellee's motion in limine, and (5) in assessing cost against the City.

■ The City made no objections to the court's charge. However, after the return of the verdict and before judgment was rendered, it filed a motion for judgment Non Obstante Veredicto and therein sets forth special issue number one and proceeded to set forth ten objections to the submission of the issue. Under its objection number three, it lists seven reasons why said issue is multifarious. Under number four, it gives four reasons why said issue assumed facts and was a comment by the court on the weight of the evidence.

The other issues submitted are likewise set out in the motion, and objected to in the same manner. The City failed to object to the charge before submission and it thereby waived its objections under Rule 274, T.R.C.P., Texas Employers' Insurance Ass'n v. Neuman, 379 S.W.2d 295 (Sup.Ct. 1964).

■ The court's action in overruling the City's exceptions to appellee's pleadings and the objections to the issues contained in its motion for judgment non obstante veredicto will not form the basis for a point of error in the City's brief. In its second point the City asserts that there is no evidence to support the jury's answers to issues one, two, four, five and six. Points number one and two do not comply with Rule 418(b), T.R.C.P. which requires that the points be "germane to one or more assignments of error when assignments are required." These points are multifarious in that the points complain about more than one specific error. For these reasons we cannot consider these points. However, if the Supreme Court finds that we erred in this conclusion we will proceed to consider the points as presenting no evidence points so that it will not be necessary to remand the case to this court for that purpose.

" * * * In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.' * * *" Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1951).

■ We will consider the record and view the evidence in its most favorable light in support of the jury findings in favor of Hrnciar and disregard all evidence to the contrary. The jury was asked by the first issue to find whether the City Council by its conduct and conversation led Hrnciar reasonably to believe

that if he would advance the money to install the sewer line at the depth and size specified by the City Engineer, he would be reimbursed in cash or by crediting the amount thereof on his taxes. In subdivision (b) of the first issue the jury was asked if Hrnciar in good faith advanced the money cost of the sewer installation in reliance on the belief that he would be reimbursed. No timely objection to the form or substance of this issue was made by the City. The jury's answer was "Yes" to both subdivisions of the issue.

Hrnciar testified about appearing before the City Council concerning his sewer problem and when asked "What instruction, if any, did you get from the members of the council or any of them as to what to do?" he answered, "They said if it wouldn't cost over $2,000.00, that they would be willing to do it. They didn't want it to go over $2,000.00." He was asked: "All right, and what, if anything, did they say about that they would be willing to do if the amount was under $2,000.-00, about payment?" and he answered, "Either pay with the taxes, or when they get the money, they would pay me back in money." He further testified that before he left the meeting he had the good faith opinion that the City had authorized him to go ahead and put in the line if the cost was to be under $2,000.00; that the City Engineer surveyed the location; that the City assisted him all the way through the construction of the line; that in the construction of the line, it was determined that he needed a man-hole and he contacted the City and the City crew constructed the man-hole which was about six feet deep and about five feet wide; and that he paid for the job and introduced checks and receipts showing payment.

We consider the above testimony and other facts and circumstances as some evidence of probative value and that it supports the jury's answers to the first special issue.

The witness Fields testified that the Hrnciar sewer line came within 30 feet of his property line; that at the time the line was constructed he was using a septic tank; that he tied on to the Hrnciar line and is billed and pays a monthly fee to the City for this connection. This testimony is evidence of probative value and it and other facts and circumstances in evidence supports the jury's affirmative answer that the City has accepted the benefits from the installation of the line.

The jury's finding that Hrnciar expended $1,795.93 on the line is not contested.

■ The City filed one motion for a summary judgment February 10, 1969 and another one on May 29, 1969. Its third point is that the court erred in overruling its two motions. This point is also multifarious in that it presents more than one specific alleged error. This is an appeal from a judgment tried on its merits by a jury. The denial of a motion for summary judgment is interlocutory and not appealable. In Triplett v. Shield, Tex.Civ. App., 406 S.W.2d 941, (CCA writ ref. n. r. e.), the court said:

> "This is not a case in which the court granted a motion by one of the parties for summary judgment and refused the motion of the opposing party. The court here overruled the motions of both parties. There was then a trial on the merits before the court where there were genuine fact issues and judgment was rendered against appellant and for appellees. Under such circumstances it would not be proper to review the action of the trial court in overruling a motion for summary judgment. Tobin v. Garcia, (1958), 159 Tex. 58, 316 S.W.2d 396; Ackermann v. Vordenbaum, Tex., 403 S.W.2d 362."

We find some evidence of probative value in support of answers of the jury to issues four, five and six.

■ We find no merit in appellant's point that the court erred in granting Hrnciar's motion in limine prohibiting the playing of a tape recording of the Council

meeting of February 21, 1966, because the statement of facts does not contain the testimony that was excluded nor does it appear in a formal bill of exception. Southerland v. Porter, 336 S.W.2d 841 (CCA, writ ref. n. r. e.).

■ We are forced to sustain appellee's objection to our consideration of appellant's fifth point which fifth point is as follows:

"The Court, in the trial of the cause, committed errors, which in their cumulative effect, denied the Plaintiff the Judgment to which it was entitled."

■ Appellant contends that the doctrine of estoppel does not apply to a City and that there are no exceptions to the rule. We are of the opinion that such doctrine is applicable to the facts of this case and said conclusion is supported by Krause v. City of El Paso (1907) 101 Tex. 211, 106 S.W. 121, City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W.2d 308, (Sup.Ct.1936), Rodgers v. County of Taylor, 368 S.W.2d 794 (CCA writ ref. n. r. e., 1963).

The judgment is affirmed.