**GIBSON et al. v. MORRIS et al.**
**No. 1118.**

Court of Civil Appeals of Texas. Waco.
Feb. 18, 1932.

Rehearing Denied March 24, 1932.

Saner, Saner & Jack, of Dallas, for appellant Kathleen Gibson.

I. M. Williams, of Dallas, for appellant Mrs. Ella H. Gibson.

J. C. Muse, Jr., J. L. Zumwalt, Coke & Coke, and Holland, Bartlett & Chilton, all of Dallas, for appellees.

ALEXANDER, J.

This suit was brought by the First National Bank of St. Louis and Scotta McMillan against L. N. Morris, Kathleen Gibson, and various other parties not necessary to here name, to recover on two promissory notes, one in the sum of $10,000 held by the bank, and the other in the sum of $500 held by McMillan, and to foreclose a lien on certain land in Ellis county. Kathleen Gibson, one of the defendants, claimed the land by virtue of a foreclosure under a prior deed of trust. Other defendants claimed liens on the land. Due to the large number of parties and issues involved, a detailed statement would unnecessarily incumber the record. The facts necessary to a disposition of the issues raised by the appeal are these:

On December 31, 1917, T. J. Cole, by separate deeds, conveyed to Baker and Kelley the two tracts of land in question, consisting of 117 acres and 145 acres, respectively. In one of the conveyances a lien was retained to secure the payment of ten notes, and in the other to secure the payment of nine notes. These notes were payable to T. J. Cole or order and were secured by deeds of trust on the two tracts of land. The deeds of trust recited that a sale might be had thereunder for a failure to pay any one of the notes in the series, and that at the election of the holder of the notes the sale should be made subject to the other unpaid notes. In June, 1918, and before maturity and for value, all of said notes were sold and transferred by written assignments from Cole to Sue R. Patrick. Mrs. Patrick, however, did not record her transfer. On February 4, 1919, the trustee in the deed of trust sold the 117-acre tract for failure to pay the first one of said notes, the sale being made subject to the other notes, and the land was bought by Cole. In March, 1919, a like sale was made of the 145-acre tract, and same was bought in by Cole. In November, 1922, Cole sold and conveyed the entire 262 acres to L. N. Morris and reserved a vendor's lien to secure the payment of seven notes of that date executed by Morris and payable to the Texas Mortgage Company, the deed reciting that the mortgage company had advanced the money to enable Morris to purchase the land. In this conveyance no reference was made to the outstand-

ing notes held by Mrs. Patrick. Thereafter and before maturity, for value and without notice, said last series of notes, being seven in number, were indorsed and delivered by the Texas Mortgage Company to the following parties: Notes 1 and 2 to Mrs. R. A. Farquhar; note 3 to Anna A. Holland; notes 4 and 5 to Mrs. M. J. Chapman; note 6 to Scotta McMillan, and note 7 to the plaintiff the First National Bank of St. Louis. No written transfer was executed transferring any of these notes, and consequently none was recorded. Thereafter in December, 1925, Morris executed a new deed of trust to Cole, as trustee for Texas Mortgage Company, on the same land to secure the payment of five notes of that date payable to Texas Mortgage Company. It was recited therein that said five notes were given in renewal and extension of the amount due on notes Nos. 1 and 2 of the 1922 series and the balance of unpaid interest on said entire series. Thereafter, before maturity, for value and without notice, the Texas Mortgage Company indorsed and delivered notes 1, 2, and 4 of the 1925 series to Ella H. Gibson. In April, 1927, Mrs. Patrick caused a second sale to be made under each of the two deeds of trust executed by Baker and Kelley in 1917 to satisfy the balance due her on the notes held by her. Kathleen Gibson bought in the two tracts of land at foreclosure sale and is now claiming the land, free of liens.

A trial was had before the court without a jury. The court found against the claim of Kathleen Gibson who was claiming title to the land, and foreclosed a lien in favor of the holders of the 1922 series of notes as a first lien, and a second lien in favor of Ella H. Gibson as the holder of the 1925 series of notes. Kathleen Gibson and Ella H. Gibson have appealed.

We will first discuss the claim of Kathleen Gibson, as the purchaser of the land at foreclosure sale, under the notes held by Mrs. Patrick. These notes executed by Baker and Kelley in 1917 were secured by first liens on the land. Mrs. Patrick as the purchaser of these notes and as the assignee of the liens acquired a prior lien on the land. The sales under the deeds of trust as made in 1927 appear to be regular, and Kathleen Gibson as the purchaser at said sales became the owner of the land and is entitled to recover same free of all subsequent liens against all parties, unless Mrs. Patrick lost her lien by failing to seasonably record the transfer of said lien from Cole to her.

■ The general rule is that a purchaser of vendor's lien notes must record his transfer, and, if he fails to do so and the record owner of the lien thereafter releases the same, and subsequent purchasers or lienholders acquire an interest in the land in good faith for value and without notice of the secret transfer of the lien, they acquire a superior claim on the land. Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54; Henderson v. Pilgrim, 22 Tex. 464.

A formal release does not appear to be absolutely indispensable. An affirmative declaration or act equivalent to such declaration by the record owner of the notes that same have been paid, satisfied, or canceled, or the lien released or extinguished, will protect such subsequent purchasers or lienholders. H. O. Wooten Grocer Co. v. Lubbock State Bank (Tex. Com. App.) 215 S. W. 835, sec. 2.

■ In the case at bar Cole was the payee in the first series of notes. The transfer from him to Mrs. Patrick was not recorded until long after the rights of all other parties hereto had attached. After Cole sold the notes to Mrs. Patrick, some one caused a sale to be made under the deed of trust. We presume that Mrs. Patrick had the sale made, but there is nothing whatever in the record to show that she owned the notes at that time. The sale was made for failure to pay the first maturing note, and Cole bought the land in at trustee's sale, taking the same "subject" to the unmatured notes. He then sold and conveyed the land to Morris and retained a lien in favor of Texas Mortgage Company to secure the notes executed by Morris. The mortgage company afterwards, but before maturity, transferred the Morris notes to the bank and others. The record shows that they purchased the notes for value and without actual notice. Cole, as the record owner of the notes held by Mrs. Patrick, did not execute a formal release of the lien, but we think his conduct was equivalent to a relinquishment of the lien. He conveyed the land to Morris by warranty deed. At that time, according to the record, he was not only the owner of the legal and equitable title to the land, but was the record owner of the outstanding notes and liens. He was the owner of the whole title. Under his conveyance to Morris he is presumed to have conveyed a fee-simple title, the greatest estate possible. Revised Statutes, article 1291. He impliedly warranted that he had not theretofore conveyed any right, title, or interest in the land to any other person, and that the land was free from incumbrances. Revised Statutes, article 1297. His act in executing the deed to Morris was a surrender of all his interest in the land and was sufficient to constitute a relinquishment of the lien retained to secure the first series of notes.

■ The appellant Kathleen Gibson contends that, since Cole, in repurchasing the land at the trustee's sale in 1919, took same "subject" to the unmatured notes executed by Baker and Kelley, the recording of his deed containing such a provision was sufficient to put subsequent purchasers and lienholders upon notice that such unmatured notes were outstanding in the hands of a third party.

Subsequent purchasers or lienors are charged with notice of recitations in their chain of title, but where it is sought by such recitation to put them on notice of some other fact, not therein recited, such recitation must be such as to put a reasonably prudent person on inquiry, and then he is charged only with knowledge of such facts as would be revealed by a diligent search. Whether or not the subsequent lienors should be charged with notice that the original notes were held by some third party depends on the inference or deduction to be drawn from the recitation in the trustee's deed that Cole bought the land "subject" to these notes. The inference or deduction to be drawn from such a recitation, as well as the question as to whether it was sufficient to put a reasonably prudent person on inquiry, were questions to be determined by the trier of the facts. In Jones on Mortgages, vol. 1, page 1044, § 713, it is said: "A conveyance of land to the mortgagee subject to a mortgage may or may not imply that he has assigned the mortgage. * * * If such a deed of the equity of redemption be made to the mortgagee himself, it is a question of fact for a jury whether such recital or warranty implies that the mortgage is not then held by the mortgagee, or is notice to his attaching creditors that the mortgage has been assigned to another." See, also, 46 C. J. 569. § 112. Inferences and deductions as well as what a reasonably prudent person would do under given circumstances are fact questions unless the evidence is such that reasonable minds cannot differ. Supreme Council v. Anderson, 61 Tex. 296; Missouri, K. & T. Ry. Co. v. Luten (Tex. Com. App.) 228 S. W. 159; Galveston, H. & S. A. Ry. Co. v. Porfert, 72 Tex. 344, 351, 10 S. W. 207; Dallas Railway & Terminal Co. v. Travis (Tex. Civ. App.) 46 S.W.(2d) 743.

■■ In this case the property had been advertised for sale subject to the unmatured notes, and it was proper that the trustee's deed should conform to the sale as actually made, even though Cole, the record owner of such notes, became the purchaser at the sale. This was not such an unusual provision under the circumstances as to necessarily excite suspicion. This case was tried before the court without a jury. No findings of fact were filed. The court rendered judgment in favor of the holders of the second series of notes and against those claiming under Mrs. Patrick as the holder of the first series of notes, and we must presume in support of the judgment that the court found that such recitations were not sufficient to put a reasonably prudent person on inquiry. It was likewise a question of fact to be determined by the trial court as to whether a diligent inquiry would have revealed that such notes were held by a third party. Such purchasers would not have been required to inquire of the whole world. Cole was the only source of

information. His conduct as shown by the record demonstrates that he would not likely have disclosed the information. In fact, the bank that purchased one of the second series of notes inquired of him before purchasing the note and was informed that it was secured by a first lien on the land. We cannot say that such a recitation in the trustee's deed was sufficient as a matter of law to charge the purchaser of the second series of notes with notice that the prior lien was held by a third party. Since Mrs. Patrick failed to record the transfer of the Baker and Kelley notes and liens to her, and Cole thereafter apparently released the lien, and, since the bank and others thereafter bought the 1922 series of notes without notice of the secret transfer to Mrs. Patrick, the bank and others who purchased the 1922 series of notes acquired a superior lien on the land, and the trial court properly so held.

■ We now come to a consideration of the rights of Ella H. Gibson as the holder of the third or 1925 series of notes. As before stated, Cole, after he had repurchased the property under the deed of trust sale, conveyed the land to Morris in 1922 and retained a lien in favor of Texas Mortgage Company to secure the payment of seven notes, which we refer to as the second series of notes. He sold these notes to good-faith purchasers, but no transfer was recorded. In 1925, Texas Mortgage Company was the record owner of these notes. With the record in this condition Morris executed a new deed of trust in 1925 to Cole as trustee to secure the payment of five notes of that date, being the third series, payable to Texas Mortgage Company, and therein recited that the new notes were vendor's lien notes against the land and were executed in lieu and extension of the amount due on notes Nos. 1 and 2 of the 1922 or second series, together with all the accumulated interest on all the notes of that series. These new notes, the 1925 series, were indorsed and transferred by the mortgage company to Ella H. Gibson who took same for value before maturity and in good faith. Ella H. Gibson contends that the trial court should not have made her lien inferior to the lien in favor of the second series. It is her contention that, since the mortgage company was the record owner of the second series of notes, it had the right to renew same, and that the act of the mortgage company and Morris in executing the renewal agreement was equivalent to a surrender of the lien securing the old notes or a merger of such lien with the lien securing the new notes, and that, since she purchased the new notes without actual knowledge that the mortgage company was not the owner of the old notes, she acquired a superior lien on the land or at least a lien equal to that securing the old notes of which her notes were renewals. It appears, however, that the deed of trust given by Morris to Texas Mortgage Com-

pany to secure the new notes contained the following provision: "Said Texas Mortgage Company, having advanced the sum of $4,-432.00 in full payment of all the interest and the two $500.00 notes—above described, is especially subrogated to all the right, liens, remedies and equities enjoyed by the holder of the original indebtedness hereby secured." When Ella H. Gibson bought the renewal notes she was charged with notice of the above provisions of the deed of trust creating her lien. This provision of the deed of trust advised her that the Texas Mortgage Company had "advanced" the money to "the holder of the original indebtedness." We think this provision was sufficient to authorize a finding by the trial court that a reasonably diligent person would have been put on inquiry, and that a diligent inquiry would have revealed that the Texas Mortgage Company did not own the old notes or second series of notes at the time it accepted the notes in renewal thereof. The trial court by rendering a judgment against Ella H. Gibson impliedly so found, and we do not feel at liberty to disturb such finding. In view of this implied finding, Ella H. Gibson was charged with notice of the outstanding lien in favor of the holders of the second series of notes. Her lien was, therefore, inferior to the lien securing the old notes of the 1922 series.

The judgment of the trial court is affirmed.