Ernest R. OWEN, D/B/A Owen Home Builders, Appellant,

v.

Joseph M. YOCUM et ux., Appellees.

No. 16171.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 9, 1960.

Brewer, Mopsik & Patterson, and Floyd H. Patterson, Irving, for appellant.

Paul K. Hyde and Lawrence E. Steinberg, Dallas, for appellee.

RENFRO, Justice.

Plaintiffs Yocum and wife recovered judgment against defendant Owen in the amount of $225, plus interest, in recovery of money paid by plaintiffs to satisfy a plumbing lien.

On May 19, 1955, Owen, by deed recorded May 28, 1955, conveyed his undivided one-half interest in Lot 11, Block C, Second Installment of Western Hills No. 8 Addition to the City of Irving, to Floyd W. Baggs. F. A. Bates filed a mechanic's lien, dated September 30, 1955, on the property by instrument filed of record October 5, 1955. The affidavit states the work was performed for Baggs and that Bates had given the Yocums notice in writing of each item.

On October 5, 1955, Baggs executed a general warranty deed to the Yocums,

recorded October 27, 1955. On the 5th of October, 1955, the Yocums executed a deed of trust to Owen to secure a second lien. On August 7, 1956, a substitute trustee conveyed the property to Owen. Thereafter, on October 23, 1957, Owen conveyed the property to the Yocums by deed which contained the provision "to warrant and forever defend, all and singular the said premises unto the said Joseph M. Yocum and wife, Loral J. Yocum, * * * against every person whomsoever lawfully claiming under me only, * ´* *."

In their petition plaintiffs merely alleged that at the time of the delivery of the deed from defendant to plaintiffs the premises were not clear of all encumbrances, but, on the contrary, defendant had not paid a plumbing lien on said premises. They did not allege that defendant had knowledge of the existence of the lien, and did not allege fraud, misrepresentation, concealment or mutual mistake.

As shown by the record, Owen conveyed his interest in the property to Baggs more than four months before Bates perfected the mechanic's lien thereon. The plumbing was done by Bates for Baggs.

We think the restrictive language used in the deed from Owen to the Yocums clearly shows that Owen did not intend to, and did not, warrant against any encumbrance except those which he, or someone claiming under him, created. He did not create the Bates lien, nor did anyone claiming under him create said lien.

██ The warranty in a deed may be limited by words in the clause of warranty, as where the vendor warrants title against all persons claiming title " 'by, through, or under him, but not otherwise.' " 15 Tex. Jur.2d, p. 637, sec. 20, and cases cited.

██ We hold, under the restrictive language used, there was no breach of warranty. The judgment of the trial court is reversed and judgment rendered for defendant.