## FANNIN INVESTMENT AND DEVELOPMENT CO., Inc., Appellant,

### v.

## W. Oscar NEUHAUS et al., Appellees.

### No. 70.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 27, 1968.

Rehearing Denied April 24, 1968.

William B. Jeter, Houston, for appellant.

John B. Holstead, Vinson, Elkins, Weems & Searls, W. Robert Brown, Liddell, Dawson, Sapp & Zivley, Houston, for appellees.

SAM D. JOHNSON, Justice.

This is a summary judgment case wherein appellant, Fannin Investment and Development Company, brought suit against W. Oscar Neuhaus and Austin Rankin Investment Company in trespass to try title to recover title and possession of 12.52 acres of land situated in Harris County. Defendants pled not guilty and denied generally all allegations contained in appellant's petition. Defendants filed motions for summary judgment, which were supported by two volumes of exhibits containing certified copies of recorded title instruments.

On the date of the hearing of the defendant's summary judgment motions, the plaintiff also filed a motion for summary judg-

ment. After hearing arguments on the motions of all parties, the court granted the motions of the defendants, Neuhaus and Austin Rankin, and denied the motion of the plaintiff, Fannin Investment. Judgment was entered that Fannin Investment take nothing in its suit against the appellees and appeal is perfected to this court.

When a motion for summary judgment is filed, the trial court must determine if there are any issues of fact to be tried, Smith v. Bolin (1954), 153 Tex. 486, 271 S.W.2d 93, this responsibility being the same whether or not cross-motions are filed. Levenson v. Alpert (Tex.Civ.App. 1966), 399 S.W.2d 955, no writ hist. Each movant has the burden of establishing that insofar as his cause of action is concerned, there exists no genuine issue as to any material fact. Gulf C. & S. F. Ry. Co. v. McBride (1958), 159 Tex. 442, 322 S.W.2d 492. The only evidentiary matter presented to the trial court were two volumes of exhibits filed by the defendant, Neuhaus, which contained certified copies of the recorded title instruments. The plaintiff, Fannin Investment, introduced no evidentiary data in support of its motions for summary judgment or in opposition to the motions for summary judgment of Austin Rankin or Neuhaus. Nothing more than the pleadings of the plaintiff appear.

The trial court was undoubtedly guided by the quotation from McDonald, Texas Civil Practice, Vol. 4, Sec. 17, p. 1394, cited by the Supreme Court in Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931, "In determining a motion thus depending upon *extrinsic evidence,* the court's task is analogous to that which he performs on a motion for directed verdict. He accepts as true all evidence of the party opposing the motion which tends to support such party's contention, and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position." (Emphasis added.)

Here the plaintiff filed no counter affidavit to the defendants' motions, made no showing other than the statement contained in his pleadings, made no showing that affidavits are unavailable, and introduced no extrinsic evidence of his own. If the defendants' extrinsic evidence, therefore, was sufficient on its face to establish facts which, if proved at trial, would entitle the movants to an instructed verdict, the trial court appropriately granted the defendants' motions for summary judgment. See: Lacy v. Carson Manor Hotel, Inc. (Tex.Civ.App.1956), 297 S.W.2d 367, writ ref., n. r. e.; Rolfe v. Swearingen (Tex. Civ.App.1951), 241 S.W.2d 236, writ ref., n. r. e.; Holland v. Lansdowne-Moody Co., Inc. (Tex.Civ.App.1954), 269 S.W.2d 478, no writ hist.; Palm v. LaMantia Bros. Arrigo Co. (Tex.Civ.App.1956), 287 S.W. 2d 208, writ ref., n. r. e.

It is therefore necessary to recite the material facts appearing in the extrinsic evidence presented by the defendants in support of their motions which appears in the certified copies of the recorded title instruments.

In January of 1962, Oliver A. Wright and J. Ross Wright, hereinafter referred to as the Wrights, jointly owned the fee to the surface and all minerals (subject to outstanding $\frac{1}{32}$ nonparticipating royalty) in a certain 118 acre tract in Houston, Harris County, Texas. The property on that date was free and clear of all liens.

By deed dated January 11, 1962, recorded January 12, 1962, the Wrights conveyed to Reinco, Inc., hereinafter referred to as Reinco, the surface and $\frac{1}{2}$ of the minerals in the 118 acre tract. In this deed the Wrights reserved a vendor's lien to secure them in the payment of two equal promissory notes, each in the principal sum of $173,937.50. On January 11, 1962, Glenn H. Engbrock, hereinafter referred to as Engbrock, as President of Reinco, executed and delivered to Charles H. Rawson, trustee for the Wrights, a deed of trust covering the entire 118 acre tract. This deed of trust was further security of the two vendor's lien notes described above and was recorded on January 11, 1962.

On January 12, 1962, Engbrock, as President of Reinco, granted, sold and conveyed to Engbrock, trustee, the entire 118 acre tract. This conveyance was expressly made subject to the liens securing the two $173,937.50 notes held by the Wrights. This conveyance was recorded on June 19, 1962.

On October 5, 1962, the State commenced condemnation proceedings against Engbrock, individually and as trustee for Reinco, Inc., et al, to condemn a 9.922 acre tract out of the 118 acre tract for road purposes. These proceedings were subsequently concluded and title to the 9.922 acre tract was vested in the State.

On December 8, 1962, Engbrock, trustee, granted, sold and conveyed to Ralph Abercia, trustee, all of the said 118 acre tract. This deed also expressly made subject to the liens securing the two $173,-937.50 notes held by the Wrights. This conveyance was recorded December 11, 1962.

On December 12, 1962, Abercia, trustee, granted, sold and conveyed to General Business Investment Company of Texas, hereinafter referred to as General Business, all the said 118 acre tract. This deed was also expressly made subject to the liens securing the two $173,937.50 notes held by the Wrights. This deed was recorded on January 28, 1963.

On July 5, 1963, Engbrock, as President of General Business, executed and delivered a deed of trust covering the entire 118 acre tract to Alvin S. Moody, trustee, to secure Freeport Land Company, hereinafter referred to as Freeport Land, in the payment of an $80,000.00 promissory note executed by General Business. This deed of trust expressly provided that as to the 118 acre tract, the lien held by Freeport Land was second and inferior to the liens securing payment of the two $173,937.50 notes held by the Wrights. This deed of trust was recorded July 8, 1963.

On March 2, 1964, Engbrock, as President of General Business, and his wife, Ruth Engbrock, by general warranty deed, granted, sold and conveyed the said 118 acre tract to A. G. Robinson, Jr., trustee. This conveyance was expressly made subject to the liens securing the unpaid balance on the two $173,937.50 notes held by the Wrights and the lien securing the unpaid balance on the $80,000.00 note held by Freeport Land Company. This deed was recorded March 2, 1964.

On April 29, 1964, Robinson, by general warranty deed, granted, sold and conveyed to Delfin Corporation, hereinafter referred to as Delfin, the said 118 acre tract. The conveyance was expressly made subject to the liens securing the two $173,937.50 notes held by the Wrights and the lien securing the $80,000.00 note held by Freeport Land. This deed was recorded April 30, 1964.

Also on April 29, 1964, Engbrock, as President of Delfin, granted, sold and conveyed by general warranty deed to H. L. Trentham, trustee, hereinafter referred to as Trentham, the said 118 acre tract. This conveyance was expressly made subject only to the liens securing the two $173,937.50 notes held by the Wrights and the lien securing the $80,000.00 note held by Freeport Land. This deed was recorded on April 30, 1964.

On May 6, 1964, Trentham, by special warranty deed, granted, sold and conveyed to Austin Rankin Investment Company the said 118 acre tract. This conveyance was made subject to the liens securing the two $173,937.50 notes held by the Wrights, and the lien securing the $80,000.00 note held by Freeport Land. This deed was recorded on May 12, 1964.

On July 1, 1964, there was filed in the deed records a partial release of the liens securing the two $173,937.50 promissory notes held by the Wrights. This release covered only a 12.52 acre tract out of the said 118 acre tract. The partial release was dated April 1, 1963. This 12.52 acre tract is the tract here in dispute and is a part of the 118 acres referred to above.

On July 1, 1964, *over a year after the deed of trust of Freeport Land was filed of record, there was filed of record a deed of trust* executed by Engbrock as President of General Business. Such deed of trust is dated April 12, 1963, and purports to convey the above mentioned 12.52 acre tract to Robert H. King, as trustee, to secure Delfin in the payment of a promissory note in the sum of $50,080.00. This deed of trust purports to be a first lien on the 12.52 acre tract, and *it is the foundation of the claim of title of the plaintiff,* Fannin Investment and Development Company, hereinafter referred to as Fannin Investment.

On July 6, 1964, Engbrock and wife, Ruth Engbrock; Harry Hall, trustee; and Engbrock as President of Delfin and Engbrock as President of General Business, did "release, discharge and quitclaim * * * all rights, claims and liens that they, or any of them, have or may have" against Austin Rankin, Mrs. Catherine C. Shearon and/or Trentham, and/or any property, real or personal, owned by said Austin Rankin, Mrs. Catherine C. Shearon, or Trentham. This release and quitclaim made specific reference to the 12.52 acre tract in dispute, and was executed and recorded (July 8, 1964) at a time when Delfin appeared of record as the holder of the above mentioned deed of trust on the 12.52 acre tract.

The defendant Neuhaus' title is predicated on the following: on July 3, 1964, Freeport Land transferred and assigned the $80,000.00 note and deed of trust it held as security for the payment of said note to the defendant, W. Oscar Neuhaus, trustee, hereinafter referred to as Neuhaus. This deed of trust covered the entire 118 acre tract of which the 12.52 acres is a part. This transfer and assignment was recorded on July 13, 1964. The $80,000.00 note held by the defendant, Neuhaus, fell into default. On March 2, 1965, the Freeport Land deed of trust which had been assigned to Neuhaus was foreclosed, a substitute trustee's sale was had, and at the sale, Neuhaus purchased the entire 118 acre tract. This deed was recorded on March 2, 1965. Also on

March 2, 1965, Austin Rankin, the record owner of the 118 acre tract, granted, sold and conveyed to the defendant Neuhaus, the said 118 acre tract. This deed was recorded on March 10, 1965.

Plaintiff Fannin Investment Company's claim of title apparently is predicated on the following: on the date Engbrock, as President of Delfin, executed and delivered to Trentham, the general warranty deed to the entire 118 acre tract. Delfin held an *unrecorded* deed of trust on the 12.52 acre tract to secure Delfin in the payment of a note in the sum of $50,080.00 from General Business. This deed of trust appears to have been executed *on April 2, 1963* by Engbrock, as President of General Business, yet *remained unrecorded until July 1, 1964.* On July 13, 1964, seven days after Engbrock, as President of Delfin, executed a release and quitclaim to Austin Rankin of all rights and liens Delfin had in the 12.52 acre tract, there appeared of record an assignment from Delfin to Reinco of the deed of trust on the 12.52 acres held by Robert H. King, as trustee for Delfin. This assignment appears to have been executed on July 3, 1964 by Engbrock, as President of Delfin. Engbrock, it is recalled, was also President of Reinco, the assignee. On August 4, 1964, Robert H. King, the trustee in said deed of trust, foreclosed said deed of trust on the 12.52 acre tract and sold same to Engbrock, trustee. The trustee's deed was recorded on August 6, 1964. On October 1, 1964, J. M. Snyder, trustee, conveyed by special warranty deed the said 12.52 acre tract to Kingsberry Development, Inc. Engbrock was the notary on this deed which was recorded on January 20, 1965. On March 8, 1965, Engbrock, as President of Kingsberry Development, conveyed this 12.52 acre tract to the plaintiff, Fannin Investment. This deed was recorded on March 9, 1965.

The basis of the defense of Neuhaus is the general warranty deed executed by Delfin which conveyed the entire 118 acre tract, including the 12.52 acre tract, to Trentham. The foundation of the claim of

the plaintiff, Fannin Investment, to the fee title in the 12.52 acre tract which is here in dispute, is the deed of trust covering said tract executed by General Business to secure Delfin in the payment of a $50,080.00 promissory note.

The rights that existed on the date of the general warranty deed from Delfin to Trentham, April 29, 1964, between Trentham, as grantee under the general warranty deed from Delfin, and Delfin as holder of an unrecorded deed of trust from General Business, are determinative of this appeal for Austin Rankin and Neuhaus succeeded to the rights of Trentham, and Fannin Investment succeeded to the rights of Delfin.

The trial court granted the defendants' motions for Summary Judgment upon the finding that there exists no material issue of fact and concluding that as a matter of law, (1) the plaintiff, Fannin Investment, and all those in privity with it, are estopped by the general warranty deed from Delfin to Trentham, dated April 29, 1964, to assert any right, title, interest or ownership in the land in dispute as against the defendants, Neuhaus and Austin Rankin; (2) all rights and interests claimed by the plaintiff, Fannin Investment, have been released and quitclaimed to the defendant, Austin Rankin, which is the predecessor in title to the defendant, Neuhaus; (3) all right, title and interest in said land which the said plaintiff, Fannin Investment, might have held were terminated and ceased to exist with the foreclosure of the Freeport Land deed of trust; and (4) plaintiff, Fannin Investment, and all those in privity with it have no right, title or interest or ownership in or to said 12.52 acre tract of any part thereof.

Only appellant's first point of error gives any direction to the reliance on which his appeal is predicated. Points of error Nos. 3 and 4 are insufficient for this purpose and are overruled. The first point of error is "appellant states that as there would be a genuine issue of fact, the court erred in granting the appellee's motion for summary judgment."

■ We conclude that there are four bases on which the defendants' motions for summary judgment could be justified. First, release effected by deed. At the time Delfin conveyed the 118 acre tract to Trentham, Delfin owned not only the legal and equitable title to said tract, but also owned and held a $50,080.00 promissory note of General Business and an *unrecorded* deed of trust to the 12.52 acre tract out of the 118 acre tract as security for same. The deed to Trentham made no mention of such deed of trust. The general warranty deed from Delfin to Trentham resulted in a relinquishment or release of the unrecorded deed of trust and its lien.

■ A deed transfers to the grantee *all interest the grantor has* in the land, in the absence of language showing and intent to grant a lesser estate. Sharp v. Fowler (1952), 151 Tex. 490, 252 S.W.2d 153. Here there are no words of limitation or exclusion in the deed. When Delfin conveyed to Trentham the entire 118 acre tract, such conveyance amounted to a grant of title and a relinquishment of Delfin's interest in the *unrecorded* deed of trust on the 12.52 acre tract.

■ The second basis is estoppel by deed. The general warranty deed from Delfin to Trentham purported to *"grant, sell and convey"* to Trentham all interest Delfin held in the 118 acre tract. Such conveyance made no mention of the unrecorded deed of trust on the 12.52 acres and was subject only to the liens securing the two $173,937.50 notes held by the Wrights, and the lien securing the $80,000.00 note held by the Freeport Land Company. Insofar as the unrecorded deed of trust held by Delfin is concerned, two sets of warranties and convenants preclude Delfin and its privies (Fannin Investment) from asserting any rights under said deed of trust as against Trentham and his privies (Austin Rankin and Neuhaus): (1) the *express warranties* that arise by virtue of the general warranty provision of the deed, and (2) the *implied warranties* that arise by

virtue of the use of the words "grant, sell and convey."

Under the doctrine of estoppel by deed the grantor under a general warranty deed who holds a prior mortgage on the conveyed premises and his privies are estopped to assert any rights under that mortgage against the grantee and his privies unless the deed expressly provides that the conveyance is made subject thereto.

Delfin and those in privity with it (Fannin Investment) are thus estopped by the general warranty deed from Delfin to Trentham from asserting any rights under the unrecorded deed of trust covering the 12.52 acres as against Trentham and those in privity with him (Austin Rankin and Neuhaus).

A grantor in a general warranty deed transfers all his interests in the land conveyed to the grantee when no exceptions are stated. Chapman v. Parks (Tex.Civ. App.1961), 347 S.W.2d 805, writ ref., n. r. e. In Texas, a grantor under a general warranty deed and his privies are estopped as against the grantee and those in privity with him to assert any interest in derogation of the grant. Duhig v. Peavy-Moore Lumber Co., Inc. (Tex.Sup.Ct.1940), 135 Tex. 503, 144 S.W.2d 878; Miles v. Martin (Tex.Sup.Ct.1959), 321 S.W.2d 62; 28 Am.Jur.2d—Estoppel and Waiver, Sec. 10; 31 C.J.S. Estoppel § 13; Lang: Texas Land Titles, Sec. 681 et seq.

A covenant of general warranty in a deed is a covenant that the grantor has not conveyed the same estate, or any right, title or interest therein to any person other than the grantee, and that the property conveyed is free from encumbrances. Compton v. Trico Oil Co., Tex.Civ.App., 120 S.W.2d 534, writ ref.; City of Beaumont v. Moore (Tex.Sup.Ct. 1947), 146 Tex. 46, 202 S.W.2d 448. Whenever the word "grant" or "convey" is used in any conveyance of a fee simple estate the grantor impliedly warrants that at the time of the execution of the conveyance the estate conveyed is free from encumbrances. Article 1297, Vernon's Ann.Tex.Civ.St. Only express terms in the deed can negative the existence of such covenants.

"Estoppel by deed binds not only the grantor but also those in privity with him. The well established general principal is that a grantor and his privies are estopped as against the grantee and those in privity with him to assert anything in derogation of that grant. * * * *Where the grantor holds a prior mortgage on the premises, he can assert no rights as mortgagee against his grantee.*" 28 Am.Jur.2d—Estoppel and Waiver, Sec. 10.

The third basis is the release, discharge and quitclaim given to appellees. On May 6, 1964, Trentham, by special warranty deed, conveyed to Austin Rankin the 118 acre tract. This conveyance was made subject to the liens securing the two $173,937.50 notes held by the Wrights and the Freeport Land deed of trust. On July 1, 1964, there was filed of record a deed of trust executed by Engbrock, as President of General Business, which deed of trust purported to convey the 12.52 acre tract (a part of the 118 acres) in trust *to secure Delfin* in the payment of a promissory note in the sum of $50,080.00.

On July 6, 1964 for valuable consideration given, Austin Rankin obtained from Engbrock and wife, Ruth Engbrock, et al, and Delfin a *release, discharge and quitclaim* of all rights and liens they or any of them had in and to the 12.52 acre tract in dispute and of all claims they or any of them may have against Austin Rankin. This quitclaim and release was recorded on July 8, 1964. At the time this instrument was executed and recorded Delfin appeared of record as the holder of the deed of trust on the 12.52 acre tract.

On July 13, 1964, seven days after Engbrock, as President of Delfin, executed the above described release and quitclaim to Austin Rankin, there appeared of record an

assignment to Reinco (Engbrock was President of Reinco) of the deed of trust on the 12.52 acre tract Delfin had previously released. The assignment purports to have been executed on July 3, 1964.

The rule in Texas is that the purchaser of a lien on real estate must record the transfer, and, if he fails to do so and the record owner of the lien thereafter assigns or releases same to one who has no notice of the prior, unrecorded transfer of the lien, the holder of the secret assignment can assert no claim against the innocent purchaser. Henderson v. Pilgrim, 22 Tex. 464; Moran v. Wheeler, 87 Tex. 179, 27 S.W. 54; Gibson v. Morris (Tex.Civ.App. 1932), 47 S.W.2d 648, writ ref. There is no contention or evidence that Austin Rankin had notice of the secret assignment of the deed of trust to Reinco.

In view of the foregoing, we do not deem it necessary to detail the last basis, that of foreclosure, on which the trial court's judgment could be supported. It is, however, sufficient for this purpose.

When a Motion for Summary Judgment, as here, is supported by affidavits, depositions, stipulations or other extrinsic evidence sufficient on its face to establish facts which, if proved at the trial, could entitle the movant to an instructed verdict, the Motion for Summary Judgment must be granted by the court if the opponent to the motion does not raise a material issue of fact by producing *opposing evidentiary data* which will raise an issue as to a material fact. Gulf, C. & S.F. Ry. Co. v. McBride, supra; Yeary v. Bond (Tex.Civ.App.1964), 384 S.W.2d 376, writ ref., n. r. e.; Akins v. Coffee (Tex.Civ. App.1964), 376 S.W.2d 953, writ dismd.; Chumchal v. Natural Gas Pipeline Co. of America (Tex.Civ.App.1964), 381 S.W.2d 690, no writ hist.; Gaston v. Copeland (Tex.Civ.App.1960), 335 S.W.2d 406, writ ref., n. r. e. No evidentiary data of any nature was presented by appellant. The evidentiary data presented by appellees was sufficient to support the trial court's judgment and its action in granting the motions for summary judgment was correct.

The judgment of the trial court is affirmed.