# NO. 12-18-00169-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARTHA LYNN TOLBERT,*<br>*APPELLANT* | *§* | *APPEAL FROM THE* |
| *V.* | | |
| *MELINDA TOLBERT KARTYE,*<br>*INDIVIDUALLY AND AS THE*<br>*ADMINISTRATOR OF THE ESTATE*<br>*OF FRANKLIN D. TOLBERT,* | *§* | *COUNTY COURT AT LAW* |
| *DECEASED, AND TERRY TOLBERT,*<br>*APPELLEES* | *§* | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Martha Lynn Tolbert appeals from an adverse summary judgment rendered in favor of her step-children Melinda Tolbert Kartye, individually and as the administrator of the estate of Franklin D. Tolbert, deceased, and Terry Tolbert. In her sole issue, Martha contends the trial court erred in granting summary judgment because there was never an enforceable contract. We affirm.

## BACKGROUND

Franklin D. Tolbert died intestate in 2014 leaving behind his second wife, Martha, and two children from a previous marriage, Melinda and Terry. At the time of his death, he owned a community interest in real and personal property in Texas and Colorado, and personal property in New Mexico. In 2016, Melinda, as administrator of Franklin's estate, filed suit against Martha to recover property belonging to the estate. Melinda later amended her petition to add Terry as a plaintiff. In May 2017, the court signed an agreed order referring the case to mediation. The court also signed an order temporarily enjoining Martha from alienating the title to the real property involved. After the one-day mediation, the mediator sent each side his "Mediator's Proposal" listing eleven separate terms and asked the parties to agree or disagree. He stated that the proposal

is not negotiable. Each side agreed and signed on separate copies. The following day, the mediator sent a letter to the trial court stating that the case settled. On June 16, 2017, the trial court signed an order approving the compromised settlement and ordering Melinda to execute, acknowledge, and deliver necessary instruments of title, release, and conveyance to carry out the terms of the agreement.

Over the next couple of weeks, the attorneys exchanged emails to work out the details of the final judgment and required closing documents. On July 5, Martha sent a letter to the trial court informing the judge that she is not in agreement with the "Final Judgment." She claimed that she signed the agreement under duress. She explained that she did not feel that her attorney was looking out for her best interests and that she is seeking legal counsel elsewhere.

Melinda and Terry amended their petition adding a cause of action for breach of the settlement agreement to the previously pleaded claims for conversion, breach of fiduciary duty, constructive fraud, removal of cloud on title, constructive trust, and damages. They later filed a motion for a traditional summary judgment on their cause of action for breach of the settlement agreement. The trial court granted the motion, disposing of certain personal and real property. The court also identified the controlling question of law as whether the mediated settlement agreement is a valid contract and granted Martha's request for a permissive interlocutory appeal.[1] This court granted her motion for permissive appeal.[2]

## SUMMARY JUDGMENT

In her sole issue on appeal, Martha asserts that the trial court erred in granting summary judgment to Melinda and Terry because there was never an enforceable contract. She contends that there is no single Mediator's Proposal reflecting the signatures of all parties, and there is no Mediator's Proposal signed by all parties that has no handwritten changes. She asserts that essential terms were still being negotiated, there was no meeting of the minds, there was no agreed modification, and the handwritten change was material.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN.§ 51.014(d) (West Supp. 2018).

[2] *See* TEX. R. APP. P. 28.3.

**Standard of Review**

A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A plaintiff moving for summary judgment must conclusively establish all essential elements of its cause of action as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam). Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014).

To determine if there is a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The evidence raises a genuine issue of fact if reasonable and fair minded jurors could differ in their conclusions in light of all the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

**Applicable Law**

Litigants' Rule 11 agreements are contracts relating to litigation. *Shamrock Psychiatric Clinic, P.A. v. Tex. Dep't of Health & Human Servs.*, 540 S.W.3d 553, 560 (Tex. 2018) (per curiam). Rule 11 of the Texas Rules of Civil Procedure provides that agreements between attorneys or parties touching any pending suit must be in writing, signed, and filed with the papers as part of the record, or made in open court and entered of record. TEX. R. CIV. P. 11. To be effective, a Rule 11 agreement must consist of a written memorandum which is complete within itself in every material detail and which contains all of the essential elements of the agreement. *Shamrock Psychiatric Clinic, P.A.*, 540 S.W.3d at 561.

The enforcement of a written settlement agreement is governed by principles of contract law. TEX. CIV. PRAC. & REM. CODE ANN. § 154.071(a) (West 2019). Thus, we construe Rule 11 agreements under the same rules as a contract. *Shamrock Psychiatric Clinic, P.A.*, 540 S.W.3d at 560. Whether a settlement agreement fails for lack of an essential term is a question of law. *John A. Broderick, Inc. v. Kaye Bassman Int'l Corp.*, 333 S.W.3d 895, 905 (Tex. App.–Dallas 2011, no pet.).

**Analysis**

In their motion for summary judgment, Melinda and Terry asserted that the parties signed a valid settlement agreement. The summary judgment evidence includes the Mediator's Proposal which lists eleven terms disposing of the house in Colorado, the money in the registry of the court, all personal property, a tract of land in Colorado, mineral interests, and "all other property." The agreement called for all parties to bear their own costs and attorney's fees, to sign releases of all claims alleged, and to dismiss all causes of action with prejudice. Martha was to remove all personal property by a date certain, with seven days' notice before removing it. The original agreement provided that moving shall take five days or less, beginning at 8:00 a.m., and Martha is not allowed to return to the house once she leaves for the day. Martha's signature appears on the copy allowing five days to move. On the signature page signed by Melinda and Terry, the 5 is stricken through and replaced with a 7, accompanied by Melinda's and Terry's initials.

As part of their summary judgment evidence, Melinda and Terry submitted Melinda's affidavit. In it, she explained that an individual approached her at the mediator's office and asked, on behalf of Martha, if they would agree to modify the agreement to give Martha seven days to remove her property. They agreed and made the interlineation on their copy of the signature page.

Ordinarily, an agreement signed via duplicate copies, with one or more signatories executing multiple copies of the same instrument, is acceptable. *See Coale v. Scott*, 331 S.W.3d 829, 831 (Tex. App.−Amarillo 2011, no pet.). Here, the copies given to the parties were identical originally and use of this procedure does not invalidate the agreement. Martha now complains that the handwritten notation changing the number of days she is given to remove property indicates that there was never a meeting of the minds, and the handwritten change was a counteroffer, not a modification. We disagree.

A modification must be material to constitute a counteroffer. *See Amedisys, Inc.*, 437 S.W.3d at 513-14. Material terms are those the parties would reasonably regard as vitally important ingredients of their bargain. *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 237 (Tex. 2016). The material terms of a contract are determined on a case by case basis. *Id*.

Here, the parties were arguing over ownership of specified personal and real property. Allowing Martha an additional two days to remove her personal property from a home she agreed to relinquish any interest in is not a material change. *See CherCo Props., Inc. v. Law, Snakard & Gambill, P.C.*, 985 S.W.2d 262, 266 (Tex. App.−Fort Worth 1999, no pet.) (held that under the

4

facts of the case time for performance not a material term). Furthermore, according to Melinda's affidavit, the change was made at Martha's request. Martha submitted no evidence to the contrary. A summary judgment may be based on the uncontroverted affidavit of an interested witness if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. TEX. R. CIV. P. 166a(c). A change made at Martha's request cannot be a counteroffer by Melinda and Terry.

Using global language, Martha contends, without identifying specific unresolved issues, that the settlement agreement did not resolve all issues relating to the conveyance of real estate or the removal of personal property. She references email exchanges between the attorneys to argue that the essential terms of the agreement were still being negotiated after the settlement agreement was signed. The documents attached to the emails included drafts of the final judgment, deeds, a stipulation and cross conveyance of mineral interests, and a mutual release of all claims. The only changes by the attorneys that we discern were the insertion of two descriptive phrases to help identify the referenced property, and the change in number of days Martha was given to remove her property. These are not terms the parties would reasonably regard as vitally important ingredients of their bargain. *See Fischer*, 479 S.W.3d at 237.

Martha further asserts that the documents ordered by the court "fill in" material terms not included in the settlement agreement. First, she complains that the warranty deed for the Colorado house adds an agreement to pay the note balance, and a requirement for her to warrant the amount of the debt, that all taxes are current, and that title is free and clear of encumbrances. We disagree. The settlement agreement provides that Melinda and Terry are deeded the Colorado house subject to the indebtedness, the lien amount is under $135,000, and the taxes are current. The agreement, as reflected in the warranty deed, requires Melinda and Terry to pay the note balance. As to the language regarding encumbrances, this is provided by statute. The warranty deed includes the language "granted, bargained, sold and conveyed." Whenever the words "grant" or "convey" are used in any conveyance of a fee simple estate, the grantor impliedly warrants that at the time of the execution of the conveyance the estate conveyed is free from encumbrances. TEX. PROP. CODE ANN. § 5.023(a) (West 2014); *Fannin Inv. & Dev. Co. v. Neuhaus*, 427 S.W.2d 82, 88 (Tex. Civ. App.–Houston [14th Dist.] 1968, no writ). Accordingly, the deed for the Colorado house does not add any terms to the settlement agreement.

5

Martha also complains that the warranty deed conveying a one-half undivided interest in the eighty-acre tract of land conveys water rights and ditch rights not mentioned in the settlement agreement. The settlement agreement provides that this property is to be split equally between Martha and her step-children and refers to an attached legal description to identify the property. The legal description includes "all water, water rights, ditches, ditch rights, and appurtenances thereto . . . ." Therefore, the warranty deed does not add a term not previously included in the settlement agreement.

Finally, Martha contends the special warranty deed conveying certain property in Marion County, Texas limits the title warranty provided by Melinda and Terry, unlike the deeds from Martha. A special warranty deed is a general warranty deed except that it warrants the title only against those claiming by, through, or under the grantor. *Paul v. Houston Oil Co. of Tex.*, 211 S.W.2d 345, 356 (Tex. Civ. App.–Waco 1948, writ ref'd n.r.e.). A special warranty deed conveys the land itself but does not carry notice of defects of title. *Id*.

Pursuant to the special warranty deed, Melinda and Terry conveyed their interest in the Marion County property to Martha. The deed contains the following language:

> Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, by, through and under me but not otherwise.

By this language, Melinda and Terry warranted against only those encumbrances that they, or someone claiming under them, created. *See Owen v. Yocum*, 341 S.W.2d 709, 710 (Tex. Civ. App.–Fort Worth 1960, no writ). Title to the property was in Martha's name, but purchased before Franklin's death. Pursuant to this deed, Melinda and Terry gave up any rights they had in Franklin's one-half community interest in the property. This is in compliance with the settlement agreement. The special warranty deed does not add any terms not found in the settlement agreement.

Martha has not shown on appeal that Melinda and Terry did not meet their burden in the trial court to prove a meeting of the minds on all essential terms and an enforceable contract. The summary judgment evidence shows that the settlement agreement fulfilled the parties' objective of dividing up all of the real and personal property belonging to Franklin at his death. It contained every material term of their agreement, was in writing, signed by the parties, and filed in the record

of the case.  Therefore, Melinda and Terry proved that the agreement is an enforceable Rule 11 agreement and that they are entitled to summary judgment as a matter of law.  *See Shamrock Psychiatric Clinic, P.A.*, 540 S.W.3d at 560; *MMP, Ltd.*, 710 S.W.2d at 60.  We overrule Martha's sole issue.

## DISPOSITION

Having overruled Martha's sole issue, we *affirm* the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered March 20, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 20, 2019**

**NO. 12-18-00169-CV**

**MARTHA LYNN TOLBERT,**
Appellant
V.
**MELINDA TOLBERT KARTYE, INDIVIDUALLY AND AS THE ADMINISTRATOR OF THE ESTATE OF FRANKLIN D. TOLBERT, DECEASED AND TERRY TOLBERT,**
Appellees

Appeal from the County Court at Law

of Nacogdoches County, Texas (Tr.Ct.No. CV1613779)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **MARTHA LYNN TOLBERT**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*